UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
HOPE EDWARDS, CONCETTA GALASSO, MARIA MORALES,
EVA MARIE SCIAMETTA and DARREN JOHNSON,

                      Plaintiffs,

      -against-

FAIRMONT INSURANCE BROKERS, LTD., and
MOISHE MISHKOWITZ,

                      Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**Docket No. 14 CV 3988**

JURY DEMANDED

## INTRODUCTION

1.    This is a wage theft case against an insurance brokerage and agency. The plaintiffs were employees of the defendants' corporation for varying numbers of years. Despite the fact that the plaintiffs worked in excess of 40 hours a week in non-exempt positions, the defendants failed to pay them at a rate of time and one-half for overtime, and, in fact, on occasions too numerous to specify, failed to pay for many hours of overtime. Additionally, there were occasions on which plaintiffs would be docked pay for arriving late notwithstanding the fact that the very same work day would be well over 8 hours. Additionally, the norm was for the plaintiffs to eat lunch at their desks and not be away from their duties and responsibilities for any more than several minutes for which they were not compensated. To challenge these violations, the plaintiffs bring this action by and through their attorneys, THE BEHRINS LAW FIRM PLLC, against defendants FAIRMONT INSURANCE BROKERS, LTD. (hereinafter "FAIRMONT") and its President, MOISHE MISHKOWITZ, to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 USC

§201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, §650, *et seq.* (hereinafter "NYLL").

2.    Plaintiffs also bring an unjust enrichment claim as more fully pleaded below.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §1331, by virtue of federal questions, 29 U.S.C. §201 *et seq.* of the FLSA.

4.    This Court has pendent jurisdiction over plaintiffs' state law claims by authority of 28 U.S.C. §1367.

5.    Venue lies with this Court pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §201 *et seq.* The defendants' principal place of business is located at 1600 60th Street, Queens, New York, defendant MISHKOWITZ resides in Queens County, New York, and a significant portion of the events giving rise to the instant litigation occurred in Queens and Richmond Counties.

## PARTIES

**Defendant Fairmont Insurance Brokers Ltd.**

6.    Defendant FAIRMONT is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 1600 60th Street, Flushing, New York 11365, in Queens County, upon information and belief.

7.    At all relevant times, defendant FAIRMONT had annual gross venue in excess of $500,000.00.

8.    At all relevant times, defendant FAIRMONT was engaged in Interstate Commerce and/or the production of goods for Commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.      At all relevant times, defendant FAIRMONT was subject to the FLSA and was an "employer" of the plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant Moishe Mishkowitz**

10.      Defendant MISHKOWITZ, an individual residing at 1143 Sage Street, Far Rockaway, New York 11691, in Queens County, upon information and belief.

11.      Defendant MISHKOWITZ is the President of FAIRMONT.

12.      At all relevant times, defendant MISHKOWITZ actively participated in the business of the corporation.

13.      At all relevant times, defendant MISHKOWITZ exercised substantial control over the functions of the company's employees, including the plaintiffs.

14.      At all relevant times, defendant MISHKOWITZ was an "employer" of the defendant as defined by § 203(b) of the FLSA.

15.      At all relevant times, defendant MISHKOWITZ has an ownership interest in and/or is a shareholder of FAIRMONT.

16.      At all relevant times, defendant MISHKOWITZ is one of the ten largest shareholders of FAIRMONT.

17.      At all relevant times, defendant MISHKOWITZ is liable to plaintiffs for unpaid wages pursuant to New York Business Corporations Law § 630.

**Plaintiff Hope Edwards**

18.      Plaintiff HOPE EDWARDS (hereinafter "EDWARDS") is a resident of Richmond County, New York.

19.      At all relevant times, plaintiff EDWARDS was an "employee" within the meaning of 29 U.S.C. § 203(e).

20.     Plaintiff EDWARDS worked for FAIRMONT as an Associate Producer from February 2000 to October 2012.

21.     While in this position, plaintiff EDWARDS was paid on an hourly basis at a certain rate of pay.

22.     Plaintiff EDWARDS' rate of pay varied between $16.50 and $39.00 an hour.

23.     Although it varied, EDWARDS estimates that she generally worked approximately 50 hours a week.

24.     Due to the nature of her responsibilities, plaintiff EDWARDS was rarely, if ever, able to take a lunch break and almost always ate lunch at her desk while engaged in the performance of her duties and responsibilities to defendant FAIRMONT.  To the extent that plaintiff EDWARDS took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

25.     Plaintiff EDWARDS was not paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

26.     Plaintiff EDWARDS worked more than 9 hours on most work days.

27.     Plaintiff EDWARDS complained verbally about having not received one and one half times her hourly rate for overtime but FAIRMONT never responded.

28.     By the verbal complaint, plaintiff EDWARDS engaged in activity protected under the FLSA.

**Plaintiff Concetta Galasso**

29.     Plaintiff CONCETTA GALASSO (hereinafter "GALASSO") is a resident of Richmond County, New York.

30.     At all relevant times, plaintiff GALASSO was an "employee" within the meaning of 29 U.S.C. § 203(e).

31.     Plaintiff GALASSO worked for FAIRMONT in a clerical capacity from March 2005 to October 2012.

32.     While in this position, plaintiff GALASSO was paid on an hourly basis at a certain rate of pay.

33.     Plaintiff GALASSO'S rate of pay varied between $15.00 and $20.67 an hour.

34.     Although it varied, GALASSO estimates that she generally worked approximately 50 hours a week.

35.     Due to the nature of her responsibilities, plaintiff GALASSO was rarely, if ever, able to take a lunch break and almost always ate lunch at her desk while engaged in the performance of her duties and responsibilities to defendant FAIRMONT.  To the extent that plaintiff GALASSO took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

36.     Plaintiff GALASSO was not paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

37.     Plaintiff GALASSO worked more than 9 hours on most work days.

38.     Plaintiff GALASSO complained verbally about having not received one and one half times her hourly rate for overtime but FAIRMONT never responded.

39.     By the verbal complaint, plaintiff GALASSO engaged in activity protected under the FLSA.

**Plaintiff Maria Morales**

40.     Plaintiff MARIA MORALES (hereinafter "MORALES") is a resident of Richmond County, New York.

41.     At all relevant times, plaintiff MORALES was an "employee" within the meaning of 29 U.S.C. § 203(e).

42.     Plaintiff MORALES worked for FAIRMONT in a clerical capacity from April 2008 to January 2013.

43.     While in this position, plaintiff MORALES was paid on an hourly basis at a certain rate of pay.

44.     Plaintiff MORALES' rate of pay varied between $15.38 and $17.50 an hour.

45.     Although it varied, MORALES estimates that she generally worked approximately 50 hours a week.

46.     Due to the nature of her responsibilities, plaintiff MORALES was rarely, if ever, able to take a lunch break and almost always ate lunch at her desk while engaged in the performance of her duties and responsibilities to defendant FAIRMONT.  To the extent that plaintiff MORALES took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

47.     Plaintiff MORALES was not paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

48.     Plaintiff MORALES worked more than 9 hours on most work days.

49.     Plaintiff MORALES complained verbally about having not received one and one half times her hourly rate for overtime but FAIRMONT never responded.

50.     By the verbal complaint, plaintiff MORALES engaged in activity protected under the FLSA.

**Plaintiff Eva Marie Sciametta**

51.     Plaintiff EVA MARIE SCIAMETTA (hereinafter "SCIAMETTA") is a resident of Kings County, New York.

52.     At all relevant times, plaintiff SCIAMETTA was an "employee" within the meaning of 29 U.S.C. § 203(e).

53.     Plaintiff SCIAMETTA worked for FAIRMONT in a clerical capacity from October 2010 to November 2012.

54.     While in this position, plaintiff SCIAMETTA was paid on an hourly basis at a certain rate of pay.

55.     Plaintiff SCIAMETTA'S rate of pay varied between $13.50 and $16.63 an hour.

56.     Although it varied, SCIAMETTA estimates that she generally worked approximately 50 hours a week.

57.     Due to the nature of her responsibilities, plaintiff SCIAMETTA was rarely, if ever, able to take a lunch break and almost always ate lunch at her desk while engaged in the performance of her duties and responsibilities to defendant FAIRMONT.  To the extent that plaintiff SCIAMETTA took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

58.     Plaintiff SCIAMETTA was not paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

59.     Plaintiff SCIAMETTA worked more than 9 hours on most work days.

60. Plaintiff SCIAMETTA complained verbally about having not received one and one half times her hourly rate for overtime but FAIRMONT never responded.

61. By the verbal complaint, plaintiff SCIAMETTA engaged in activity protected under the FLSA.

**Plaintiff Darren Johnson**

62. Plaintiff DARREN JOHNSON (hereinafter "JOHNSON") is a resident of New York County, New York.

63. At all relevant times, plaintiff JOHNSON was an "employee" within the meaning of 29 U.S.C. § 203(e).

64. Plaintiff JOHNSON worked for FAIRMONT in a clerical capacity from January 2006 to January 2013.

65. While in this position, plaintiff JOHNSON was paid on an hourly basis at a certain rate of pay.

66. Plaintiff JOHNSON'S rate of pay varied between $10.00 and $11.00 an hour.

67. Although it varied, JOHNSON estimates that he generally worked approximately 48 hours a week.

68. Due to the nature of his responsibilities, plaintiff JOHNSON was rarely, if ever, able to take a lunch break and almost always ate lunch at his desk while engaged in the performance of his duties and responsibilities to defendant FAIRMONT.  To the extent that plaintiff JOHNSON took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

69. Plaintiff JOHNSON was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

70.     Plaintiff JOHNSON worked more than 9 hours on most work days.

71.     Plaintiff JOHNSON complained verbally about having not received one and one half times his hourly rate for overtime but FAIRMONT never responded.

72.     By the verbal complaint, plaintiff JOHNSON engaged in activity protected under the FLSA.

## LEGAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

73.     Plaintiffs repeat, reiterate, and reallege, each of the allegations contained in the preceding paragraphs as if set forth at length herein.

### Failure to Pay Time Overtime Properly

74.     Defendants failed to compensate plaintiffs at a rate of one and one half times their normal hourly rates for all hours over 40 worked in a workweek, in violation of the FLSA.

### Record-Keeping Failures

75.     Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and C.F.R. § 516.

### Willfulness and Bad Faith Entitlement to Damages

76.     Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

77.     The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

78.     As a result of the violations by defendants of the FLSA, the plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages,

overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

79.    Plaintiffs repeat, reiterate, and reallege, each of the allegations contained in the preceding paragraphs as if set forth at length herein.

80.    At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

**Failure to Pay Overtime**

81.    Defendants failed to compensate plaintiffs at a rate of one and one half times their normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

**Spread of Hours**

82.    Plaintiffs worked more than 10 hours on at least some workdays, but defendants failed to pay them an additional one-hour's pay at the applicable wage rate in contravention of N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4.

**Improper Deductions**

83.    The defendant made deductions from plaintiffs' wages other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10.

84.    On occasions too numerous to specify, the defendants would dock the plaintiffs for clocking in late and deduct from their wages despite the fact that on the very same day the plaintiffs would work well in excess of 8 hours.

85.  In addition, defendants made deductions to plaintiffs' pay for health insurance, but upon information and belief, health insurance was to be paid by Fairmont, pursuant to the Fairmont Employee Handbook.

**Record-Keeping Failures**

86.  At all relevant times, defendants failed to keep reconcilable records of hours worked by each employee, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

87.  At all relevant times, defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

88.  Defendants failed to notify plaintiffs in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

**Willfulness and Damages**

89.  Defendants willfully violated plaintiffs' rights by failing to pay them for all of the hours they actually worked.

90.  Defendants willfully violated plaintiffs' rights by failing to pay them at a rate of not less than one and one-half times their regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2.

91.  Due to defendants' New York Labor Code violations, plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION:
### UNJUST ENRICHMENT

92.     Plaintiffs repeat, reiterate, and reallege, each of the allegations contained in the preceding paragraphs as if set forth at length herein.

93.     Defendants have been unjustly enriched by withholding and/or deducting monies that rightfully belong to plaintiffs.

94.     Defendants are liable to plaintiffs in the amount of compensation unlawfully withheld from them, along with liquidated damages, interest, litigation costs, attorney fees, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

(a)     Award plaintiffs unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor Law;

(b)     Award plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(c)     Award plaintiffs liquidated damages pursuant to NYLL § 663;

(d)     Award plaintiffs "spread of hours" pay in the amount of one times the then-applicable wage rate for each day plaintiffs worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4.

(e)     Award plaintiffs interest;

(f)     Award plaintiffs the costs of this action together with reasonable attorneys' fees; and

(g)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Staten Island, New York
        June 20, 2014

Respectfully Submitted,

THE BEHRINS LAW FIRM PLLC

By: _____
Jonathan B. Behrins
Attorneys for the Plaintiffs
1110 South Avenue (Suite 402)
Staten Island, New York 10314
(718) 447-4750

(JB-9852)